The Chief Justice delivered the opinion of the court.
Kirkpatrick C. J.
This was an action on the case, for trover and conversion. Swisher, the plaintiff, therein sets forth in his state of demand, that a certain execution issued by Isaac Read, esq. one of the justices of the peace *74 for the county of Sussex, in an action wherein John May-was plaintiff, and D. M. M’ Gregor defendant, for 91 dollars, 89 cents of debt, and 53 cents costs, was put into his hands, as one of the constables of the township of Knowlton, in the said county of Sussex, to be executed; that he seized upon and took into his possession, certain articles of the goods and chatties of the said M’Gregor, in the said state of demand, particularly mentioned and specified *and deposited them in the house of the defendant, Hampton, by and with his consent and permission, for safe keeping, until he should call for them.
Upon the trial, the defendant objected against the plaintiff’s going into any evidence, until he had first proved that he had been a constable on the 13th of February 1817, when the said execution came into his hands.
The plaintiff attempted to do this, by offering a certificate of one Barnabas Swayze, setting forth that the said plaintiff had been elected a constable for the township of Knowlton, in the year 1816, and signed by the said Swayze, as town-clerk.
(a) This certificate was improperly received in evidence, on many accounts, but the defendant can take no advantage of this here. It was not necessary for the plaintiff, to prove himself to have been a constable. The defendant had, as was alleged, and in this stage of the business, is to be taken for granted, received the goods from him as constable, and merely for safe keeping, and he cannot now gainsay his authority, and withhold them for his own benefit.
The defendant having failed in this captious objection (for the justice admitted the certificate as complete proof of the plaintiff’s having been a constable) then offered to prove that M’Gregor had conveyed his right in these, goods, before the plaintiff had levied his execution, to one M’Lean, and that they had' become his, viz. Hampton’s, property before the said levy, and before they were put into his hands by the plaintiff for safe keeping, though he did not know at that time, that they had so became his.
All this was overruled by the justice, and rightly so, *75 though, perhaps the reason rendered for so doing, may not be sound. Having received the goods for safe ing only, and that under a promise to deliver them when called for, he cannot be permitted now to set up property in himself, derived from a third person.
The cause then went to the jury, and they found for the plaintiff, the sum of 38 dollars, 31 cents, for which judgment was entered.
It is therefore the opinion of the court, that the judgment must be affirmed.

 Hoppock vs. Wilson, post 150.